{¶ 33} Except on the issue of vicarious liability, I must dissent from the result reached by the majority because I find while the facts may not be in dispute, reasonable minds could draw different conclusions, and as such, this case presents questions for the jury.
Hostile Work Environment
 {¶ 34} The majority correctly cites Hampel as setting forth the elements of a claim of hostile work environment sexual harassment, and properly quotes the United States Supreme Court in Faragher. Faragher
requires a defendant employer show both the employer took reasonable care to prevent the harassment, and the employee unreasonably failed to take any advantage of any preventative or corrective opportunities the employer provided. The majority finds as a matter of law appellee acted reasonably while appellant acted unreasonably, and I cannot agree.
 {¶ 35} Appellant was sixteen years old and worked for appellee full time. He was home schooled and did his schoolwork on his computer when he got off work. Appellant's parents had recently divorced and his father had remarried. Not long after, appellant's home had burned down. John Lackney, who worked with appellant and observed the harassment, testified Chamberlain had taken advantage of appellant as well as another employee who was also vulnerable, variously described as being "slow" or as having Tourrette's Syndrome. Lackney testified the harassment went on "on a daily basis."
 {¶ 36} In his deposition appellant stated he interviewed for the trainee job with Chamberlain, and knew he had seniority in the department. Appellant considered Chamberlain his supervisor, although Ron Marhoefer, appellee's owner and president, testified Chamberlain was not a supervisor. Lackney testified Chamberlain assigned work tasks to the other employees in the department, and it was Chamberlain who had fired Lackney. If an employee got on his bad side, Chamberlain would commit some physical act of harassment or assign the employee ridiculous tasks. Chamberlain told appellant he could fire him or "take him behind the garbage bin". Appellant testified Chamberlain would hit him and leave bruises.
 {¶ 37} Marhofer testified the Human Resources officer investigated appellant's complaint, and found the other employees had been aware of the situation. Appellant testified he did not tell the Human Resources officer about the matter because she was a woman, and didn't complain to Chamberlain's supervisor because he did not know who Chamberlain's supervisor was.
 {¶ 38} Because the outrageous behavior was well known to the other employees, a jury could find appellee should also have known of the conduct, or a jury could find its procedures and policies to prevent sexual harassment were not reasonable or adequate.
 {¶ 39} Finally, what is unreasonable for an adult is not necessarily unreasonable or even unexpected behavior in a child, who will often be hesitant to report embarrassing or unpleasant occurrences. I would find a jury, not the court, should make the determination whether appellant's behavior was unreasonable, and appellee's was reasonable.
Quid Pro Quo Sexual Harassment
 {¶ 40} For the reasons stated infra, I also would find a factual question for the jury as to whether appellant could have been demoted or disciplined, or reasonably believed he could be, if he rejected Chamberlain's advances. There was conflicting evidence offered regarding Chamberlain's authority, and we must construe the evidence in appellant's favor when reviewing a summary judgment entered against him.
Wrongful Discharge
 {¶ 41} The majority finds appellee's offer to transfer appellant to a different workplace was sufficient to defeat a claim of constructive discharge. The record indicates the new place of employment would have been a longer commute for this full time high school student, and a transfer might not have prevented appellant from encountering Chamberlain. I would find a jury could construe the offer as insufficient accommodation to the situation.
Infliction of Emotional Distress
 {¶ 42} I do not agree with the majority in assuming jurors could never find extreme or outrageous harassment of a sixteen year old, home-schooled boy who was having serious problems at home. The majority opinion does not contain much detail regarding what happened: Chamberlain grabbing appellant's genitals; Chamberlain placing his own genitals on appellant's back; simulating sodomy by "humping" appellant's back or head; and simulating oral sex by rubbing his genitals against appellant's face. If a jury found appellee knew or should have known of this behavior and tolerated it, I believe the jury could find such behavior outrageous in the extreme.
Vicarious Liability
 {¶ 43} I concur in the majority's opinion appellant has not presented all the elements of this claim.
Negligent Supervision
 {¶ 44} This claim is similar to the claim of Hostile Work Environment, and for the reasons stated supra I would find the issue of the reasonableness of appellee's behavior is a question for the jury.
Punitive Damages
 {¶ 45} The majority finds this issue moot because it finds appellant cannot recover compensatory damages. Because I find the jury should determine whether appellant can recover compensatory damages, it follows the punitive damages are possible in this action.
 {¶ 46} I would sustain the assignment of error, except as to the claim of vicarious liability.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs to appellant.